Connie R. BARRETT, Appellant,

v.

STATE of Alaska, Appellee.

No. 2299.

Supreme Court of Alaska.

Feb. 23, 1976.

Brian Shortell of Bookman, Bryner & Shortell, Anchorage, for appellant.

Stephen G. Dunning, Asst. Dist. Atty., Anchorage, Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION ON REHEARING

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

CONNOR, Justice.

We grant Barrett's petition for rehearing in order to affirm and clarify our original opinion.

Barrett argues that her guilty plea was not voluntarily made because the trial judge did not explain to her when she pleaded guilty the difference between a two-year suspended sentence, which the district attorney recommended pursuant to Barrett's plea bargain, and the suspended imposition of sentence and probation which the court actually handed down. Nothing in Criminal Rule 11 as it existed in 1971 required a judge to conform to the sentence recommended by the district attorney's office in accepting a negotiated plea.[1] We find that the superior court judge carefully made sure that Barrett knew he was not bound by the sentence recommendation. The record discloses that Barrett knew the court might or might not follow the plea-bargained sentence, and that the judge might in

---

1. After the 1973 amendments, Rule 11(e)(4) provides:

"*Rejection of Plea.* If the court rejects the plea agreement, the court shall inform the parties of this fact and advise the defendant personally in open court that the court is not bound by the plea agreement. The court shall then afford the defendant the opportunity to withdraw his plea, and advise the defendant that if he persists in his plea of guilty or nolo contendere, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement."

fact sentence her to not more than 25 years imprisonment and/or a fine of not more than $20,000. Only then did the judge accept the plea. The court stated:

"THE COURT: Well, you understand now that [the] court is not bound by those recommendations. We consider them but we have to make its [sic] own judgment as what sentence is going to be. Do you understand that?

MISS BARRETT: Yes, I do. Yes.

\* \* \* \* \* \*

THE COURT: This maximum penalty for first offense is 25 years or a fine of not more than 20,000 or both. You understand that's the possible sentence—I—being possible, [the] court could give you that, do you understand that?

MISS BARRETT: I understand, your Honor.

\* \* \* \* \* \*

THE COURT: . . . [T]o just turn this young lady loose on a 2 year suspended sentence, I think would be dangerous for her, the court would be shirking their [sic] responsibility . . . ."

█ It is apparent that the court feared that Barrett would have no incentive to stay off drugs if she were not under some supervision during either a suspended sentence or a suspended imposition of sentence. This determination the court was entitled to make. That its disposition of the case was less favorable to Barrett than she had anticipated under the plea bargain does not vitiate the voluntariness of her guilty plea, since she was aware of the possibility when she made that plea.[2]

It is true that Barrett's conviction upon a guilty plea might cause her to receive a larger sentence upon a second conviction, this time as a second-offender.[3] The possible enhancement of punishment because of the commission of a subsequent crime is clearly a subject collateral to the guilty plea entered in this case. The trial judge is not required to anticipate such a state of facts when he accepts a guilty plea. In fact, he is probably hopeful that the sentence imposed will obviate such a circumstance. *See United States v. Cariola*, 323 F.2d 180, 186 (3rd Cir. 1963); *Tafoya v. State*, 500 P.2d 247, 250 (Alaska 1972). We note that in the case of a defendant who in fact reforms, the suspended imposition of sentence is a device which confers a considerable benefit, since the entire conviction may be set aside upon successful completion of the probationary period under AS 12.55.085(e).

Affirmed.

2. Additionally, we note that in the original order deferring imposition of sentence, the conditions set forth clearly advise the defendant that probation can be revoked for cause, that the conditions thereof may be modified, and that the period of probation may be reduced or extended.

3. Up to life imprisonment, or a fine of not over $25,000, or both, under AS 17.12.110(b)(2). *See also* Ch. 110 SLA 1975.